UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ALBERTO RIVERA,
    Plaintiff,

v.

PATRICIA COYNE-FAGUE, BILLIE-
JO GALLAGHER, JEFFERY ACETO,
JOSHUA MACOMBER, and VANCE
TYREE,
    Defendants.

C.A. No. 19-290-JJM-LDA

ORDER

Alberto Rivera brings a three-count complaint against the Defendants in their individual capacities, each of whom is employed with the Rhode Island Department of Corrections ("RIDOC"). He claims that, in withholding a photograph sent to him containing nudity, the Defendants violated his First Amendment rights (Count One), did not follow RIDOC policy (Count Two), and defamed him (Count Three). ECF No. 1 at 20. The Defendants moved to dismiss each count, asserting that (1) they are entitled to qualified immunity, (2) they did not violate department policy, and (3) Mr. Rivera failed to plausibly allege the elements of defamation. ECF No. 10.

*Analysis*

*Count One—Violation of the First Amendment*

Mr. Rivera alleges that the Defendants violated his rights under the First Amendment of the United States by withholding the photograph containing nudity.

ECF No. 1 at 20. The Defendants in response claim qualified immunity. ECF No. 10 at 6.

"The principles of qualified immunity shield an officer from personal liability when an officer reasonably believes that his or her conduct complies with the law." *Pearson v. Callahan*, 555 U.S. 223, 244 (2009). In order to determine whether an officer qualifies for qualified immunity, the Court must determine: (1) whether the facts alleged show that the officer violated a constitutional right; and (2) if so, whether that right was clearly established at the time of the event. *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). If the right a state actor is alleged to have violated was not clearly established at the time of the violation, then the state actor is entitled to qualified immunity. *See id.* Here, the Court need not reach the issue whether the First Amendment prohibits the state from depriving an inmate of nude photographs because it is certain that this right, if it exists, is not clearly established in this jurisdiction. The law here is simply not clear whether the RIDOC's policy of prohibiting photographs with nudity is constitutional. Because this is not clearly established, these individual state actors are entitled to qualified immunity and Count One must be dismissed.

*Count Two—Violation of the RIDOC Policy*

Mr. Rivera claims that the RIDOC violated its own policy because it prohibited him from having a nude photograph even though he is not a sexual offender. ECF No. 1 at 20. The relevant RIDOC policy states:

RIDOC reserves the right to disallow personal photographs and/or facsimiles which feature nudity as defined herein [see item III.C.2.c.[(4)]viii NOTE].
C.2.c.(1).

The contents of the material, as a whole or in part may be prohibited if the materials:

\*\*\*

vii. Are sexually explicit;

NOTE: 'Sexually explicit material,' means a pictorial depiction of sexually explicit acts including sexual intercourse, oral sex, masturbation and/or anal sex.

viii. Inmates who are serving sentences that would require them upon release to register as 'sexual offenders' pursuant to R.I. Gen. Laws § 11-37.1-1 et seq. and the most recent version of RIDOC Policy 20.07 DOC, Notifying Offenders of their Duty to Register with Law Enforcement Agencies and Procedures for Community Notification, for specific offenses delineated therein are also prohibited from receiving materials that feature nudity.

NOTE: 'Nudity', means a pictorial depiction where male or female genitalia or buttocks and/or female breasts are exposed; 'features' means that the item contains depictions of nudity or sexually explicit conduct on a routine basis or promotes itself based upon such depictions in the case of one-time issues. C.2.c.(4).

In his complaint, Mr. Rivera fails to acknowledge the section of the policy that clearly states: "RIDOC reserves the right to disallow personal photographs and/or facsimiles which feature nudity." This discretionary prohibition applies to all inmates, not just sexual offenders. The Defendants thus did not violate department

3

policy by prohibiting Mr. Rivera from receiving a nude photograph and Count Two must be dismissed.[1]

*Count Three—Defamation*

Finally, to bring a claim of defamation under Rhode Island law, a plaintiff must plausibly allege: (1) the utterance of a false and defamatory statement about another; (2) an unprivileged publication to a third party; (3) fault amounting to at least negligence; and (4) damages. *Lyons v. Rhode Island Pub. Employees Council 94*, 516 A.2d 1339, 1342 (R.I. 1986). Mr. Rivera failed to sufficiently plead facts to satisfy the first element. By not showing where, when, and how the RIDOC workers alleged that he was a sex offender, Mr. Rivera does not plausibly allege that the Defendants uttered a false and defamatory statement about him. As stated above, the RIDOC policy allowed it to prohibit nude pictures from all inmates and so simply prohibiting him from having a nude photograph does not show that any of the Defendants labeled him a sex offender. Because Mr. Rivera has not plausibly alleged that any RIDOC agent falsely alleged that he was a sexual offender, this claim too fails.

*CONCLUSION*

For the reasons stated, the Court GRANTS Defendants' Motion to Dismiss. ECF No. 10.

---

[1] The Court need not address the initial question of whether Mr. Rivera has a private cause of action for violation of the RIDOC policy because the Court finds there was no violation.

4

IT IS SO ORDERED.

John J. McConnell, Jr.
United States District Judge
October 4, 2019